**SIERRA PACIFIC INDUSTRIES,**
**Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 91–1331C.**

United States Claims Court.

June 17, 1992.

Wesley R. Higbie, San Francisco, Cal., for plaintiff.

Bryant G. Snee and Sean Murphy, Commercial Litigation Branch, with whom were Thomas W. Petersen, Asst. Director, David M. Cohen, Director, and Stuart M. Gerson, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for defendant. Jeff Handy, Dept. of Agriculture, Washington, D.C., of counsel.

## OPINION

SMITH, Chief Judge.

This dispute comes before the court on defendant's motion to dismiss or, in the alternative, for summary judgment. Plaintiff, relying on 41 U.S.C. § 601, *et seq.* and 28 U.S.C. § 1491, is seeking refunds from the Forest Service of the United States Department of Agriculture for portions of the purchase price paid for various timber sales. At issue is whether plaintiff's failure to comply with the contractual time limitation provision for the submission of claims bars such claims.

The majority of the parties' arguments are discussed and resolved by this court's opinion, issued today, in *Stone Forest Industries, Inc. v. United States*, 26 Cl.Ct. 410. For the reasons set forth in the *Stone Forest* opinion, thirty-one of plaintiff's thirty-three claims are time-barred,[1] and the

---

1. The government contends that the following claims are time-barred:

| Sale | Contract # | Date of Closure | Date of Claim | # of Days Late |
|------|------------|-----------------|---------------|----------------|
| Buck Springs | 020933 | 11/17/83 | 04/03/91 | 2663 |
| Buck Gulch | 021303 | 11/18/85 | 04/03/91 | 1899 |
| King Wallow | 021428 | 04/04/88 | 04/03/91 | 1033 |
| Barker Creek | 021592 | 10/21/85 | 04/03/91 | 1929 |
| Guard | 015857 | 07/08/88 | 04/04/91 | 939 |
| Big Canyon | 021915 | 04/27/90 | 04/03/91 | 280 |
| Devil | 021972 | 03/01/90 | 04/03/91 | 337 |
| Digger | 022517 | 12/04/87 | 04/03/91 | 1155 |
| Willow | 016616 | 03/07/86 | 04/04/91 | 1793 |
| Swift | 022897 | 03/11/86 | 04/03/91 | 1788 |
| Mill | 023127 | 11/02/83 | 04/03/91 | 2648 |

court grants the defendant's motion with respect to those claims.[2]

This opinion shall address two sales for which an alternative ground was given to bar the claim. Defendant argues that plaintiff's claims on the Willow and Swift timber sales are barred because an express release was signed. These sales were closed pursuant to a timber sale closure agreement under the Federal Timber Contract Payment Modification Act. Under that agreement, the contracting parties were released from all rights and obligations under the contract. Plaintiff argues that the release is void because the regulation which mandated the release is invalid, citing *Sierra Pacific Industries v. Lyng*, 866 F.2d 1099 (9th Cir.1989).

This issue is identical to the Spike claim in the *Stone Forest* case. The court finds that it is not necessary to reach this issue because both the Willow and Swift claims are time-barred. With the Willow sale, the closure letter was sent March 7, 1986 and the claim was filed April 4, 1991. With the Swift sale, the closure letter was sent March 11, 1986 and the claim was filed April 3, 1991. The claims for both sales were filed well beyond the 60 day time limitation. For the reasons set forth in Section I of the *Stone Forest* opinion, these claims are time-barred.

## CONCLUSION

The court grants the government's motion as it pertains to the time-barred claims. This opinion does not address those claims which are not time-barred. The parties shall file a joint status report within 60 days from the date of this opinion discussing further proceedings in this case.

| Sale | Contract # | Date of Closure | Date of Claim | # of Days Late |
|------|-----------|-----------------|---------------|----------------|
| Virgin | 050331 | 02/01/84 | 04/03/91 | 2557 |
| Silversnake | 050372 | 09/26/85 | 04/03/91 | 1954 |
| Copper Flume | 050471 | 11/17/83 | 04/03/91 | 2633 |
| Eagle Helo | 050497 | 06/02/91 | 04/03/91 | 1705 |
| Butter Meadows | 050604 | 09/01/87 | 04/03/91 | 1249 |
| Hollowpine | 051812 | 11/20/85 | 04/03/91 | 1899 |
| Prairie | 051485 | 10/21/87 | 04/04/91 | 1200 |
| Highway 36 | 051099 | 10/31/84 | 04/03/91 | 2284 |
| Big Creek | 051107 | 01/26/87 | 04/03/91 | 1467 |
| Road | 051592 | 01/23/88 | 04/04/91 | 740 |
| Hank | 051659 | 08/01/90 | 04/04/91 | 185 |
| Lightning | 051766 | 01/09/91 | 04/03/91 | 24 |
| Sulphur Sani | 051230 | 02/01/85 | 04/03/91 | 2191 |
| Millerade | 051289 | 03/26/86 | 04/03/91 | 1773 |
| Horse | 052020 | 01/18/89 | 04/04/91 | 745 |
| Butter Caves | 051461 | 04/20/87 | 04/03/91 | 1383 |
| Wilson Point | 051487 | 03/23/88 | 04/03/91 | 1045 |
| Friend | 051545 | 07/12/88 | 04/03/91 | 934 |
| Buddy | 052541 | 01/18/89 | 04/04/91 | 745 |
| East Resale | 052616 | 03/17/88 | 04/04/91 | 1052 |

**2.** Defendant does not allege that the following claims are time-barred:

| Sale | Contract # | Date of Claim |
|------|-----------|---------------|
| China Cabin | 021857 | 04/04/91 |
| Dog Barker | 022111 | 04/23/91 |